```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            Case No. 2:07-cv-822-FtM-29SPC

862 ZANA DRIVE, Ft. Myers, Florida 33905; 856 ZANA DRIVE, Ft. Myers, Florida; 239 EUGENIA AVENUE, Ft. Myers, Florida 33916; 1802 FRENCH STREET, Ft. Myers, Florida 33916,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Claimants, Patricia A. Gray, Beverly Gray and Karen Gray Spears' (claimants) Motion to Dismiss Complaints for Civil Forfeiture in Rem and/or Motion for More Definite Statement (Doc. #28) filed on February 22, 2008. The Government filed a Response (Doc. #29), to which the claimants filed a Reply (Doc. #37) . Also before the Court is Claimants, Patricia A. Gray, Beverly Gray and Karen Gray Spears' Motion for Summary Judgment (Doc. #32). The government filed a Response (Doc. #42), to which claimants filed a Reply (Doc. #43).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of

Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson, 127 S. Ct. at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In pleading a civil action for forfeiture, "the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . . ." 18 U.S.C. § 983(a)(3)(A); see also 21 U.S.C. § 881(b). Rule G of these Supplemental Rules requires that a civil forfeiture complaint must: (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and-if different-its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. FED. R. CIV. P. SUPP. G(2)(a-f); see also FED. R. CIV. P. SUPP. E(2)(a) ("the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.")  Finally, "no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D); see also FED. R. CIV. P. SUPP. G(8)(b)(ii).

**II.**

The allegations of the Verified Complaint for Forfeiture In Rem (Doc. #1) (Complaint), as supplemented by Drug Enforcement Administration Task Force Agent Robert Leverenz's affidavit (Doc. #1-2) are as follows:  On July 19, 2007, Isaac L. Marion Jr. (Marion Jr.) was indicted for "conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine from at least December 2000 through December 18, 2005."  (Doc. #1-2, p. 2.) During the investigation, agent Leverenz identified four vacant lots purchased by Patricia Gray (Marion Jr.'s maternal grandmother) and Beverly and Karen Gray (daughters of Paticia Gray).  A single family home was erected on each of the four lots.  (Doc. #1-2, pp. 2-3.)  The four properties, acquired during the conspiracy, were located at: (1) 856 Zana Drive, Fort Myers, Florida; (2) 862 Zana Drive, Fort Myers, Florida; (3) 239 Eugenia Avenue, Fort Myers, Florida; and (4) 1802 French Street, Fort Myers, Florida (collectively the "properties").

The government seeks the forfeiture of the properties under the following two statutes: (1) 21 U.S.C. § 881(a)(6) as properties purchased with proceeds of illegal activity; and (2) 18 U.S.C. § 981(a)(1)(A) as properties involved in money laundering. (Doc. #1, ¶¶ 5(a), 5(c).)  Furthermore, the government alleges that 862 Zana Drive is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), as property used to facilitate the sale of a controlled

substance.  (Id. at ¶ 5(b).)  Additional facts are set forth below as needed.

### III.

The claimants' motion to dismiss asserts that the Complaint should be dismissed on multiple grounds including that: (1) it fails to meet the heightened pleading standard under Rule E(2) in that it does not allege facts to establish a substantial nexus between the properties and Marion Jr.'s illegal activity; (2) it fails to allege that claimants had knowledge of any illegal activity; and (3) it violates the "Excessive Fines and Punishment Clause."

The Government counters that the Complaint meets all the requirements of the Supplemental Rules.  Specifically, the Complaint identifies all the properties to be forfeited, the statutes under which the forfeiture action is brought, and sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.  (Doc. #29, p. 2.)  The government argues that such allegations are all that is required of them at this stage of the proceedings.

As a preliminary matter, the Court notes that many of the arguments presented by claimants are better addressed at the summary judgment stage. The only question before the Court at this stage of the proceedings is whether the forfeiture complaint describes sufficiently the circumstances that form the basis for the claims so as to enable the claimants, "without moving for a

more definite statement, to commence an investigation of the facts and to frame a responsive pleading." FED. R. CIV. P. SUPP. E(2)(a). Hence, the Court need not address arguments addressing the merits of the government's claims or its ultimate burden of proof at this time. See, e.g., United States v. Real Property, No. 3:08-cv-89, 2088 WL 3200271 (M.D. Fla. Aug. 5, 2008) (stating that court can not evaluate merits of innocent owner defense when determining the sufficiency of the government's complaint); United States v. Talebnejad, 342 F. Supp. 2d 346, 361 (D. Md. 2004) (stating that an Excessive Fines argument is premature until the Court is confronted with concrete facts as opposed to allegations). The Court also notes that contrary to claimants' assertion that the government cannot rely on hearsay evidence (Doc. #28, p. 13), the Eleventh Circuit has held that in a civil forfeiture action "[t]he government may use both circumstantial evidence and hearsay [evidence]." United States v. $291,828.00, 536 F.3d 1234, 1237 (11th Cir. 2008)(internal citations omitted).

The thrust of claimants' motion to dismiss is that the Complaint fails to meet the requirement of the Supplemental Rules. Specifically, claimants assert that the Complaint fails to establish a substantial nexus between the properties and any criminal activity.

In order to establish a link between the properties and criminal activity, the Complaint and attached affidavit rely extensively on information provided by confidential sources. The

government alleges that the confidential sources are "reliable" and that their information was corroborated. (Doc. #1-2, p. 3.)

As to the two Zana drive properties and the Eugenia Avenue property, the government generally alleges that: (1) two confidential sources stated that Marion Jr. liked to invest his drug proceeds in real estate; (2) the properties were kept in a family members' name; and (3) claimants did not have sufficient legal funds to build single family homes on each property (Doc. #1-2, at ¶¶ 7(a)-(b), 30.)

As to the property located at 862 Zana Drive, the government further alleges that Marion Jr. showed that house to Confidential Source 1 (CS-1) and stated that he paid cash for it. Moreover, a second confidential source delivered cocaine to that residence. (Id. at ¶¶ 7(a), 7(c).) CS-2 also stated that Marion Jr. was spending at least $70,000 to build a house on the property. (Id. at ¶7(b).) The Court finds that when such specific allegations are combined with the general allegations identified earlier, they are sufficient to establish a substantial connection between that property and criminal activity. Hence, claimants' Motion to Dismiss is denied as to 862 Zana Drive.

As to the properties located at 856 Zana Drive and 239 Eugenia Avenue, the government's only specific allegation as to those two properties is that Marion Jr. paid at least $70,000 to erect a house on each of them. (Id. at ¶7(b).) This allegation alone is not sufficient to establish a "substantial" connection with

-7-

criminal activity as to either property. However, when taken as true and combined with the general allegations, the Court finds that the government has properly pled a substantial nexus between the two properties and criminal activity. Hence, claimants' Motion to Dismiss is denied as to 856 Zana drive and 239 Eugenia Avenue.

As to the property located at 1802 French Street, the government makes no specific allegations tying this property to any criminal activity. Furthermore, the Court notes that unlike the allegations as to the other three properties, the government concedes that "if the cost information provided by the builder are correct . . . additional funds might not have been needed." (Doc. #1-2, p. 15.) Taking all the allegations in the Complaint and supporting affidavit as true, the Court finds that the government has failed to plead a substantial connection between this property and any criminal activity. Therefore, the Court will grant claimants' motion to dismiss as to the property located at 1802 French Street.

**IV.**

Also before the Court is claimants' Motion for Summary Judgment (Doc. #32). The government's Response urges the Court to deny claimants' motion until the completion of discovery. (Doc. #42, p. 2.) Upon review of the record, the Court finds that discovery is needed. Therefore, claimants' Motion for Summary Judgment (Doc. #32) is denied without prejudice.

Accordingly, it is now

**ORDERED:**

1. Claimants, Patricia A. Gray, Beverly Gray and Karen Gray Spears' Motion to Dismiss Complaints for Civil Forfeiture in Rem and /or Motion for More Definite Statement (Doc. #28) is **GRANTED** as to dismissal of the property located at 1802 French Street, Fort Myers, Florida and is otherwise **DENIED.**

2. Claimants, Patricia A. Gray, Beverly Gray and Karen Gray Spears' Motion for Summary Judgment (Doc. #32) is **DENIED without prejudice.**

3. The government's request for leave to amend (Doc. #29, p. 14) is **GRANTED.** The government may file an Amended Verified Complaint for Forfeiture in Rem within **TWENTY (20) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of September, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record